UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 5:19-cr-00001 |
| | : | |
| DAVID COOPER, | : | |
| Defendant | : | |

**O P I N I O N**
**Motion in Limine to Admit Other Bad Acts, ECF No. 86- Granted in part, Denied in part**
**Motion in Limine to Admit Prior Convictions, ECF No. 87- Granted in part, Denied in part**

**Joseph F. Leeson, Jr.**                                                    **August 24, 2021**
**United States District Judge**

## I.        INTRODUCTION

The above-captioned case involves drug and firearms charges adopted from Montgomery

County, Pennsylvania.  Defendant David Cooper has been charged for his alleged involvement

over several years in a large-scale drug organization.  The Government has filed a Motion in

Limine seeking a pretrial ruling on its request to admit Cooper's 2015 letter to Saunders,

including the fact of his incarceration as discussed therein, and Cooper's alleged failure to file

proper income tax returns.  Additionally, the Government has filed a Motion in Limine pursuant

to Federal Rule of Evidence 609 seeking permission to impeach Cooper and any character

witnesses with his prior record.  Cooper opposes the motions.  For the reasons below, the

motions are granted with respect to Cooper's letter, the fact of his incarceration when the letter

was written, and the use of Cooper's 2006 prior conviction for impeachment purposes, but

denied without prejudice at this time in all other respects.

## II.       BACKGROUND

In November 2015, Pottstown Police officers conducting a drug-trafficking investigation served a search warrant on a vehicle driven by Co-defendant Christopher Saunders.  In addition to the heroin and drug paraphernalia in the vehicle, the officers found a letter written by Cooper to his stepson Saunders dated July 23, 2015.  *See* Letter, Ex. A, ECF No. 86.  Cooper refers to Saunders as his "baby boy" and his "son," and he signs the letter "Your Pop."  *See id.*  In this letter, Cooper discusses being confined for "ten years" and having his "home plan" for release denied.  *See id.*  Cooper states: "When I touch down I should have a <u>whole</u> <u>chicken</u> waiting for me a few of my folks going to bless me I just gotta make sure dudes are ready for that type of action."  *See id.* (emphasis in original).  Det. Lt. Echevarria interprets "touch down" to mean release from confinement and knows from his expertise and experience that "whole chicken" is a street term referring to a kilogram of cocaine.  *See* Aff., ECF No. 83.  In the letter, Cooper advises Saunders he is "puttin' a little team together" to assist him in illegal drug distribution and intends to "flood" the area with drugs."  *See id.*  The letter indicates that Cooper wants Saunders to be prepared to become a trusted member of his drug organization. *See id.*  Cooper assures Saunders that he will "see some serious paper" (cash profit).  *See id.*

At the time the letter was written, Cooper was incarcerated for felony drug conspiracy.  Cooper has three priors convictions for Possession With Intent to Distribute and/or conspiracy.  *See* 609 Mot. 2, ECF No. 87.  He was first arrested on July 6, 1993, and sentenced on July 6, 1994,[1] to six to twenty-three months imprisonment.  He was arrested again on felony drug charges in 1996[2] and thereafter pled guilty and was sentenced to five to ten years imprisonment.

---

[1]     *See Commonwealth v. Cooper*, CP-46-CR-0005003-1993 (Mont. Cty. C.P.).

[2]     The exact dates of arrest, offense, and sentencing are unclear from the state court's docket, but occurred sometime between June 10, 1996, and September 14, 1996.  *See Commonwealth v. Cooper*, CP-46-CR-0025241-1996 (Mont. Cty. C.P.).

On February 17, 2006, Cooper was again arrested on similar charges and was sentenced on October 17, 2006,[3] to seven and a half to fifteen years imprisonment.

On January 3, 2019, the grand jury returned an indictment charging the three defendants in the above-captioned case, Cooper, Saunders, and Edwin Andino, with conspiracy to distribute fentanyl, cocaine, and cocaine base in violation of 21 U.S.C. § 846.  Cooper and Andino are also charged with possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), and with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  On or about June 26, 2019, the grand jury returned a superseding indictment charging the Defendants with substantially the same offenses.  The charges arose following an investigation by the Montgomery County Detectives.  At the time of his arrest by state officials, Cooper possessed approximately $22,534 in United States currency.  Cooper, Saunders, and Andino, along with numerous co-conspirators, were initially charged in Montgomery County on or about June 1, 2018.  The United States thereafter adopted the cases against Cooper, Andino, and Saunders.  Saunders and Andino have entered into guilty pleas.  Cooper is scheduled for trial on September 13, 2021.

Now pending are the Government's Motion in Limine seeking to introduce the letter from Cooper to Saunders as direct evidence of the conspiracy between them, *see* Limine Mot., ECF No. 86, and the Motion in Limine pursuant to Federal Rule of Evidence 609, asserting that Cooper's three prior drug convictions between 1993 and 2006 are admissible under Rule 609 if he testifies or offers character witnesses, *see* 609 Mot.  Cooper opposes the Motions.

---

[3]     *See Commonwealth v. Cooper*, CP-46-CR-0002045-2006 (Mont. Cty. C.P.).

III.    **LEGAL STANDARDS**

A.    **Rule 404(b) and Intrinsic Evidence - Review of Applicable Law**

"Extrinsic evidence must be analyzed under Rule 404(b)." *United States v. Green*, 617 F.3d 233, 245 (3d Cir. 2010). Federal Rule of Evidence 404(b) "generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge." *Huddleston v. United States*, 485 U.S. 681, 685 (1988). *See also* Fed. R. Ev. 404(b) (providing that evidence of any other crime, wrong, or act may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"). "To be admissible under Rule 404(b), evidence of uncharged crimes or wrongs must (1) have a proper evidentiary purpose; (2) be relevant;[4] (3) satisfy Rule 403;[5] and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it." *Green*, 617 F.3d at 249. "A proper purpose is one that is 'probative of a material issue other than character.'" *Id.* at 250 (quoting *Huddleston*, 485 U.S. at 686). "[T]he

---

[4]    Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "is of consequence in determining the action." Fed. R. Ev. 401. "This definition is very broad." *Green*, 617 F.3d at 251 (internal quotations omitted). "Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court." Fed. R. Ev. 402.

[5]    Rule 403 of the Federal Rules of Evidence provides: "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "Rule 403 mandates a balancing test, 'requiring sensitivity on the part of the trial court to the subtleties of the particular situation.'" *United States v. Cunningham*, 694 F.3d 372, 391 (3d Cir. 2012) (quoting *United States v. Vosburgh*, 602 F.3d 512, 537 (3d Cir. 2010)). It is not enough that the evidence be prejudicial because "[v]irtually all evidence is prejudicial or it isn't material." *United States v. Maurizio*, No. 3:14-23, 2015 U.S. Dist. LEXIS 118516, at *25 (W.D. Pa. Sep. 4, 2015) (internal quotations omitted). Rather, the probative value of the evidence must be "substantially outweighed" by the danger of "unfair prejudice." *See* Fed. R. Ev. 403.

party seeking to admit evidence under Rule 404(b)[] bears the burden of demonstrating its applicability [and] identifying a proper purpose." *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014). "If the government offers prior offense evidence, it must clearly articulate how that evidence fits into a chain of logical inferences, no link of which can be the inference that because the defendant committed drug offenses before, he therefore is more likely to have committed this one." *United States v. Sampson*, 980 F.2d 883, 887 (3d Cir. 1992).

On the other hand, intrinsic evidence need not be analyzed under Rule 404(b). *See Green*, 617 F.3d at 245. Courts "exempt intrinsic evidence from application of Rule 404(b) on the theory that there is no 'other' wrongful conduct at issue; the evidence is admissible as part and parcel of the charged offense." *Id.* Intrinsic evidence falls under one of two narrow categories of evidence. *See id.* at 248-49. "First, evidence is intrinsic if it directly proves the charged offense. . . . Second, uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime." *Id.* (internal quotations omitted).

### B.    Rule 609(a)(1) - Review of Applicable Law

Rule 609(a)(1) provides:

The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
  (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
    (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
    (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
  (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement.

Fed. R. Ev. 609(a).  "Rule 609 permits evidence of a prior felony conviction to be offered to impeach a testifying witness.  However, when the testifying witness is also the defendant in a criminal trial, the prior conviction is admitted only 'if the probative value of the evidence outweighs its prejudicial effect to that defendant.'"  *Caldwell*, 760 F.3d at 286 (quoting Fed. R. Ev. 609(a)(1)(B)).  Rule 609 "reflects a heightened balancing test [than does 404(b) evidence] and a reversal of the standard for admission under Rule 403."  *See id.*  The court should consider the following factors when weighing the probative value against the prejudicial effect: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the witness' [or defendant's] testimony to the case; [and] (4) the importance of the credibility of the defendant." *Id.* (quoting *Virgin Islands v. Bedford*, 671 F.2d 758, 761 n.4. (3d Cir. 1982)).

"When evaluating the first factor—the kind of crime involved—courts consider both the impeachment value of the prior conviction as well as its similarity to the charged crime."  *See Caldwell*, 760 F.3d at 286.  As to the impeachment value, the Third Circuit Court of Appeals has determined that Rule 609 is premised on "the common-sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath."  *Walden v. Georgia-Pac. Corp.*, 126 F.3d 506, 523 (3d Cir. 1997) (internal quotations omitted).  As to similarity of the crimes, "prior convictions for the same or similar crimes are admitted sparingly."  *See* 4 Weinstein's Federal Evidence § 609.05(3)(d) (2021). "When a prior crime committed by an accused criminal defendant is similar to the one with which the defendant is charged, the prejudicial effect (suggesting a propensity to commit the crime) of a prior conviction admitted for impeachment may well outweigh its probative value. Consequently, prior convictions for the same or similar crimes are admitted sparingly."  *Id.*

Second, the Court considers the age of the conviction.  When more than ten years have elapsed since the defendant's conviction or release from confinement, whichever is later, evidence of the conviction is presumptively excluded and must satisfy a special balancing test. *See* Fed. R. Ev. 609(b); *Caldwell*, 760 F.3d at 286-87.

Third, if a defendant's testimony is important to his defense, the third factor weighs against admitting a prior conviction.  *See Caldwell*, 760 F.3d at 287-88; *United States v. Cherry*, No. 10-091, 2010 U.S. Dist. LEXIS 80435, at *23 (E.D. Pa. Aug. 9, 2010).  But, if the defense can establish the subject matter of the defendant's testimony by other means, it is less necessary, and a prior conviction may be more likely to be admitted.  *See id.*

Fourth, "[w]hen a defendant chooses to testify at his trial he places his credibility 'directly at issue.'"  *See United States v. Murphy*, 172 F. App'x 461, 462-63 (3d Cir. 2006) (quoting *United States v. Beros*, 833 F.2d 455, 463-64 (3d Cir. 1987)).  The *Caldwell* court "acknowledge[d] the tension between the related third and fourth factor."  *See Caldwell*, 760 F.3d at 288 n.15.

The burden of showing that the value of a defendant's prior convictions outweighs their prejudicial impact is on the government.  *See Caldwell*, 760 F.3d at 289 (explaining Rule 609 reflects a heightened balancing test and a reversal of the standard for admission under Rule 403).

## IV.    DISCUSSION[6]

### A.    Cooper's letter to Saunders dated July 23, 2015, is admissible.

---

[6]    Any admissibility rulings discussed in this Opinion are conditioned on the Government first laying a proper foundation for the evidence's admission at trial.  Any inadmissibility rulings (tax returns) are without prejudice to being renewed at side bar during trial if additional evidence is proffered.

The Government's Motion in Limine asserts that the letter from Cooper to Saunders will be introduced as direct evidence of the conspiracy between them. *See* Limine Mot. 3-4. The Government argues that the fact of Cooper's incarceration is relevant to prove he was the author of the letter. *See id.* It further contends that because the letter is intrinsic evidence of the charged conspiracy, it is not subject to the Rule 404(b) factors and is admissible at trial. *See id.* Cooper objects to the admission of the letter, arguing that because a coded language expert will be used to interpret the letter, it is removed from the category of an admission. *See* Resp. Limine 2-3, ECF No. 91. Cooper further contends that regardless of whether the letter is evidence of a conspiracy, the fact of his incarceration while he wrote the letter is not intrinsic evidence. *See id.*

Initially, Cooper's suggestion that the letter is hearsay because the Government intends to offer expert testimony interpreting the letter is rejected. "[I]t is well established that experienced government agents may testify to the meaning of coded drug language under Fed. R. Evid. 702." *United States v. Gibbs*, 190 F.3d 188, 211 (3d Cir. 1999). Additionally, the use of an expert to explain, for example, that "a whole chicken" is a street term for a kilogram of cocaine would not convert the letter to hearsay. Rule 801 provides that a statement (the letter) is not hearsay if it is "offered against an opposing party and . . . was made by the party in an individual or representative capacity." Fed. R. Ev. 801(d)(2)(A). With or without the use of a coded-language expert, which is not needed for the entirety of the letter, the Government intends to offer Cooper's letter as a statement against him. Therefore, the letter is not hearsay.[7]

---

[7] To the extent that the Government may have other means of establishing the identity of the author of the letter, the Court further finds that information regarding Cooper's incarceration appears to be admissible, not for the truth of the matter asserted, but to provide context to the letter and again removing the letter from the category of hearsay evidence.

This Court finds that the letter is intrinsic evidence of the drug conspiracy because it "directly proves the charged offense." *See Green*, 617 F.3d at 249.  The elements of conspiracy to distribute a controlled substance are as follows: (1) two or more persons agreed to distribute[8] a controlled substance; (2) the defendant was a party to the agreement; and (3) the defendant joined the agreement or conspiracy knowing of its objective to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective.  *See* 21 U.S.C. § 846.  The letter is evidence of an agreement between Cooper and Saunders, as well as Cooper and other persons, to distribute cocaine upon Cooper's release from prison.  The Government alleges in the Superseding Indictment that the conspiracy began "in or about July 23, 2015," which is the date of the letter.  *See* Super. Ind. ¶ 1, ECF No. 40.  The letter, generally, is therefore admissible without discussion of the 404(b) factors.

To the extent Cooper is also charged with being a felon-in-possession in violation of 18 U.S.C. § 922(g)(1), his reference to his own incarceration is intrinsic evidence.  The statute makes it "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year. . . to . . . possess in or affecting commerce, any firearm or ammunition."  18 U.S.C. § 922(g)(1).  The Government must prove that Cooper knowingly possessed a firearm and that he did so knowing "of his status as a person barred from possessing a firearm."  *Rehaif v. United States*, 139 S. Ct. 2191, 2195 (2019).  The fact that Cooper was incarcerated for ten years is direct evidence that he knew he was barred from possessing a firearm after his release.  *United States v. Bryant*, 976 F.3d 165, 174-75 (2d

---

[8]     To establish a violation of possession with intent to distribute/distribution of a controlled substance, the government must prove beyond a reasonable doubt: (1) the defendant intended to possess/did possess a mixture or substance containing a controlled substance; (2) the defendant had the intent to deliver or transfer possession or control over the controlled substance to someone else; and (3) the defendant did so knowingly and intentionally.  *See* 21 U.S.C. § 841.

Cir. 2020) ("[W]e have upheld felon-in-possession convictions after *Rehaif* where the defendant had actually served more than one year in prison on the prior conviction.").  Reference to his incarceration within the letter is therefore also admissible without analyzing the 404(b) factors.

Moreover, even if Cooper's incarceration, in itself, is not intrinsic evidence, it is nevertheless admissible under Rule 404(b).  First, the fact of Cooper's incarceration has a proper evidentiary purpose relating to the conspiracy charge: to establish the identity of the author of the letter, signed only as "Your Pop" and, also, should the Government have other means of establishing the identity of the author of the letter, to provide context to the letter.  *See United States v. O'Leary*, 739 F.2d 135, 136 (3d Cir. 1984) (holding that the defendant's prior criminal convictions were admissible to "show the background of the charges, the parties' familiarity with one another, and their concert of action").  As to the felon-in-possession charge, the fact of Cooper's incarceration has a proper evidentiary purpose: to show his knowledge that he was barred from possessing a firearm.  *See Rehaif*, 139 S. Ct. at 2195.  It is also clearly relevant in this regard.  Further, Cooper's incarceration is relevant to explain why he conspired with his Saunders, his stepson and someone he could trust.  *See* Letter 2 ("I am putting alot of trust and responsibility in you so don't let me down."); *United States v. Corbin*, No. 10-352-02, 2011 U.S. Dist. LEXIS 56473, at *10 (E.D. Pa. May 26, 2011) (concluding that the prior robberies were relevant to show that the defendants conspired together on a prior occasion, making it more likely they would conspire again).

For all these reasons, this Court finds that the probative value of the letter, specifically including mention of Cooper's incarceration, is significant to all charges.  Further, the probative value is not outweighed by the danger of unfair prejudice.  Because the jury will hear evidence, based on the felon-in-possession charge, that Cooper was previously convicted of a crime

punishable by imprisonment for a term exceeding one year, the possibility of prejudice from the fact that Cooper served jail time is minimal.  To further reduce any prejudicial impact, the Court, at the request of counsel, will redact the reference to the specific amount of time Cooper served, removing "10" years at the bottom of the first page of the letter so that the sentence reads ". . . I just did [] years. . . ."  Considering the references throughout the letter to Cooper's "homeplan," making arrangements for when he is released, and lack of patience for people "being stupid" because there is too "much at stake" as he "just did 10 years. . .," further redaction is not possible without seriously altering the letter and diminishing its probative value.  On balance, the Court finds that the probative value of the evidence is not "substantially outweighed" by the danger of "unfair prejudice."  To further reduce any danger of unfair prejudice, however, the Court will issue limiting instruction about the purpose(s) for which the jury may consider the evidence.  *See United States v. Moffitt*, 601 F. App'x 152, 155 (3d Cir. 2015) (concluding that the district court's limiting instruction at the close of the case that the jury was to consider the evidence of the defendant's prior convictions for a certain specified purpose was sufficient under Rule 404).

The Government's Motion in Limine to admit Cooper's letter is granted.

**B.    Cooper's tax returns are not admissible.**

In its Limine Motion, the Government asserts that it intends to offer evidence at trial that Cooper was unemployed, possessed large amounts of cash at the time of his arrest, and failed to properly file taxes which were required.  *See* Limine Mot. 4-6.[9]  The Government argues that a defendant's access to unexplained or unaccounted for wealth is strong circumstantial evidence of

---

[9]    Although the Government also included Saunders in its Motion, Saunders has since pled guilty and the Motion is moot as to him.

the crimes charged.  *See id.* (citing cases).  The Government contends that the 404(b) factors

need not be analyzed because the testimony would be intrinsic evidence.  Cooper opposes.

At this time, the Government has failed to lay a sufficient foundation to show that

Cooper's possession of approximately $22,534 at the time of his arrest, even when coupled with

his unemployment, is intrinsic evidence of his drug-dealing activities or that its probative value

outweighs any danger of unfair prejudice.  Unlike the defendant in *Quinones-Davila*, who was

similarly found with approximately $24,000 in cash when arrested on drug-distribution charges,

the government in that case further proffered that the defendant claimed the money was from his

work as a horse jockey, then changed his story citing to three other income sources, and also

admitted to traveling with more than $400,000 to buy drugs.  *See United States v. Quinones-*

*Davila*, No. 2016-0009, 2017 U.S. Dist. LEXIS 77605, at *15-16 (D.V.I. May 22, 2017).  Here,

the Government does not suggest that Cooper gave a false account as to the source of the money

or admitted to possessing even larger sums of cash to purchase drugs.  This case is therefore also

distinguishable from those when the courts admitted such evidence when significant sums of

money were unexplained.  *See, e.g. United States v. Cooley*, 131 F. App'x 881, 883 (3d Cir.

2005) (admitting evidence regarding a defendant's inability to account for "hundreds of

thousands of dollar"); *United States v. Napoli*, No. 07-75-1, 2012 U.S. Dist. LEXIS 138491, at

*55 (E.D. Pa. Sep. 26, 2012) (finding that the probative value of evidence that the defendant did

not file tax returns exceeded any unfair prejudice where the government "sought to show that the

approximately $224,000 in unexplained cash proceeds belonging to Napoli and seized by law

enforcement were illegal proceeds from drug trafficking").  This Court recognizes that "the

admissibility inquiry is not the amount of money in the defendant's possession, but whether

defendant's failure to account for its source tends to support the government's claim that the

money was obtained through illegitimate means," *see United States v. Chandler*, 326 F.3d 210, 215 (3d Cir. 2003); however, there is insufficient evidence that Cooper failed to account for this money. *See* Limine Mot. 4 (stating that the Government "believes" IRS records will show Cooper failed to pay income taxes during the years of the charged conspiracy and that it was "in the process of obtaining these records").

The Government's Motion in Limine to admit evidence of Cooper's unexplained wealth and unpaid taxes is denied without prejudice to the Government's ability to make a side-bar proffer at the time of trial should it have more evidence.

### C. If Cooper testifies at trial, the fact of his 2006 prior conviction may be used for impeachment purposes pursuant to Rule 609(a).

In the Motion in Limine pursuant to Federal Rule of Evidence 609, the Government asserts that Cooper's prior convictions are admissible under Rule 609 because a testifying defendant's credibility is the central issue. *See* 609 Mot. 3, 5-8. The Government recognizes that violent prior offenses and similar offenses have less probative value, but asserts that they are admissible here. *See id.* 4-5. It extends this argument to offenses outside the ten-year probative period and asserts that they are not so remote in time to create unfair prejudice to Cooper. *See id.* 5-6. Cooper objects based on the similar nature of the prior offenses, asserting that the prejudicial impact is greater.

Rule 609 allows the Government to impeach a testifying defendant in a criminal trial with evidence of a prior felony conviction, if the probative value of the evidence outweighs its prejudicial effect. In determining whether the Government has met its burden under Rule 609, the Court considers four factors. Under the first factor, the nature of the crime involved, courts have concluded that prior drug convictions "are relevant to a defendant's veracity because 'a drug trafficker lives a life of secrecy and dissembling in the course of that activity, being

prepared to say whatever is required by the demands of the moment, whether the truth or a lie.'"

*See, e.g., United States v. Rose*, No. 07-CR-383, 2008 U.S. Dist. LEXIS 18013, at *16-17 (E.D.

Pa. Mar. 7, 2008) (quoting *United States v. Borrome*, No. 97-00224-01, 1997 U.S. Dist. LEXIS

19302, at *11 (E.D. Pa. Dec. 2, 1997)).  The Third Circuit, among others, have repeatedly

concluded that "[t]here is no question that, given a proper purpose and reasoning, drug

convictions are admissible in a trial where the defendant is charged with a drug offense."

*Sampson*, 980 F.2d at 887; *Murphy*, 172 F. App'x at 463 (affirming the district court's decision

to admit the defendant's prior drug convictions under Rule 609 and quoting the district court,

which when considering the nature of the crime, stated "the drug convictions are, of course,

felonies" and "being one that does involve a great deal of secrecy and lying, it seems to me that

the first factor weighs in favor of admitting the evidence").  Accordingly, this factor weighs in

favor of admitting Cooper's prior felony drug convictions.

Second, the Court considers the age of the convictions.  This Court does not have specific

information regarding the date Cooper was released on each sentence and therefore assumes that

he was incarcerated on the day of his arrest and served no more than the minimum sentence.

Accordingly, Cooper's prior conviction with an arrest date of February 17, 2006, for which he

served a minimum of seven and a half years, was less than ten years ago.  This weighs in favor of

admitting the 2006 conviction.  Cooper's conviction following his 1993 and 1996 arrests,

however, are presumptively excluded because they fall outside the ten-year window.

Nevertheless, "the probative value of an older conviction may remain undiminished if the

defendant was recently released from confinement or has multiple intervening convictions, both

of which could suggest his character has not improved."  *Caldwell*, 760 F.3d at 287.  Such a

situation is presented here.  Only a year and a half elapsed after Cooper was released in his 1993

case before he was arrested again for possession with intent to deliver a controlled substance. Then, less than five years after his release on the 1996 case, Cooper was again arrested on similar charges and incarcerated until 2013, less than two years before the alleged conspiracy began in the above-captioned case and approximately five years before his arrest and confinement in this case.  Excluding any time Cooper has been incarcerated, approximately eleven and a half years have elapsed since his 1993 arrest and just over ten years since his 1996 arrest.  These convictions are not so remote as to be devoid of any probative value.  In the absence of more detailed information about his incarceration and release dates, however, this Court considers the age of the convictions to be a neutral factor.

Next, without knowing the precise nature of Cooper's defense or what he may testify to, this Court is unable to determine the importance of his testimony to the case, which is the third *Caldwell* factor.  However, if Cooper's testimony is important to his defense, then the fourth factor, the importance of the credibility of the defendant, is also significant to the case.  Thus, the third and fourth factors essentially cancel each other out.  *See United States v. Church*, 2017 U.S. Dist. LEXIS 75650, at *7 (E.D. Pa. May 18, 2017) (concluding that the third and fourth factors cancel each other out and ascribing little weight to these factors).

After balancing all the factors, the Court concludes that the probative value of the 2006 conviction outweighs its prejudicial effect.[10]  *See* Fed. R. Ev. 609(a)(1)(B); *United States v. Gaston*, 509 F. App'x 158, 159 (3d Cir. 2013) (concluding that the defendant's prior drug convictions were probative to his credibility and admissible at his trial); *United States v.*

---

[10]     Notably too, the jury will hear evidence of at least one of Cooper's prior convictions in the Government's case-in-chief because that evidence is needed to prove an element of the possession of a firearm by a convicted felon charge.  The prejudicial impact as to one of these convictions is therefore non-existent.

*Johnson*, 302 F.3d 139, 152 (3d Cir. 2002) (holding that because the defense depended on the jury believing the defendant's version of events, "[c]redibility was a major issue at trial . . . and evidence of a felony conviction is probative of credibility"). This conviction is admissible and the Court will issue a limiting instruction. *See United States v. Greenidge*, 495 F.3d 85, 98 (3d Cir. 2007) (holding that the "limiting instructions were a proper counter measure to any improper uses of the evidence the jury may have been tempted to make"). The Government's 609 motion is therefore granted without prejudice as to the 2006 conviction.[11] If Cooper testifies at trial,[12] the Government may impeach his general credibility with the fact of his prior conviction and the nature of the crime.[13] *See United States v. Jacobs*, 44 F.3d 1219, 1224 n.6 (3d Cir. 1995) ("Case law firmly establishes that it is proper to admit evidence of the type of felony involved in a prior conviction used for impeachment under Fed. R. Evid. 609(a)(1).").

The 609 motion is denied without prejudice in all other respects. Because of the lack of information regarding Cooper's exact release dates and the close weight in balancing the *Caldwell* factors, this Court reserves a ruling on the admissibility of the other prior convictions

---

[11] Cooper is granted leave to assert an objection to impeachment evidence should the Rule 609 balancing test tip differently during trial. *See United States v. Hampton*, No. 15-302, 2017 U.S. Dist. LEXIS 66771, at *10 (E.D. Pa. May 2, 2017) (reserving final judgment on the government's Rule 609 motion because analysis of the Rule 609 factors may change as the trial progresses).

[12] As previously mentioned, evidence of at least one of Cooper's prior convictions is admissible in the Government's case-in-chief because that evidence is needed to prove an element of the felon-in-possession charge. The Court's ruling herein as to the limited nature of the testimony relates only to the Government's Motion under Rule 609.

[13] The Government is granted leave, if appropriate, to request permission to extend the scope of impeachment after Cooper testifies. *See Ohler v. United States*, 529 U.S. 753, 758 (2000) (holding that the Government need decide whether to use a prior conviction against a defendant until after the defendant testifies); *United States v. Costa*, 553 F. App'x 227, 232 n.6 (3d Cir. 2014) (determining that the defendant may have "opened the door to a broader use of his prior convictions").

until the time of trial.  Before using these convictions as impeachment evidence, the Government

is directed to first seek a side-bar ruling as to their admissibility.

## V.      CONCLUSION

The Government's Motion in Limine is granted as to Cooper's letter to Saunders dated

July 23, 2015, including the references therein to his incarceration, and this evidence is

admissible.  The Motion is denied without prejudice, however, to the extent the Government

seeks a pretrial admissibility ruling on Cooper's unexplained wealth and failure to file tax

returns.  The Government's Motion under Rule 609 is also granted in part and denied in part.

Evidence regarding Cooper's prior drug conviction in 2006 is admissible as impeachment

evidence.  A decision is deferred as to the admissibility of the 1993 and 1996 convictions.

All counsel are advised that the admissibility rulings made herein are conditioned on the

Government first laying a proper foundation for the evidence's admission at trial and that any

inadmissibility rulings are without prejudice to being renewed during trial.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge